IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

CARLOS CREGAN,
    Plaintiff,

v.

JENNIFER GARCIA, *et al.*,
    Defendants.

Case No. 1:25-cv-01306-JEH

**Merit Review Order**

    Plaintiff, proceeding *pro se* and currently incarcerated at Pinckneyville Correctional Center, filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights at the McLean County Detention Facility. (Doc. 1). This case is before the Court for a merit review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in the Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

I

Plaintiff files suit against Nurse Jennifer Garcia, Superintendent Diane Hughes, Advanced Correctional Healthcare ("ACH"), McLean County Detention Facility, and McLean County.

Plaintiff alleges Defendant Nurse Garcia was conducting med line on March 13, 2025. Plaintiff, who was waiting in line for his medication, became frustrated because the line was taking longer than usual. When Plaintiff sighed loudly, Defendant Garcia allegedly screamed, "Do you ever shut your cock hole?" (Doc. 1 at p. 6). When another detainee asked who she was speaking to, Defendant Garcia allegedly said, "Yeah, you heard me right! I said cock hole!" *Id.* Plaintiff alleges Defendant Garcia made these comments in front of approximately fifty detainees. The other detainees allegedly called Plaintiff a "dick sucker," which caused stress and anxiety. *Id.* at p. 7.

Plaintiff alleges Defendant Garcia was allowed to resign and was not fired. Plaintiff claims ACH is liable for hiring Defendant Garcia and failing to properly train and discipline her.

Plaintiff states Officer Kirkland was present during the incident but did not know how to handle the situation. Plaintiff later asked Officers Kirkland and Kreuger if they were trained how to handle staff misconduct, and both officers allegedly said they did not receive this type of training. Plaintiff alleges McLean County, the McLean County Detention Facility, and Superintendent Hughes are liable because they are responsible for hiring and properly training officers how to deal with staff misconduct.

II

"Verbal harassment generally does not rise to the level of a constitutional violation, though some harassment may be serious enough to constitute cruel and unusual punishment." *Boston v. Brown*, No. 25-CV-1525-DWD, 2025 WL 2377992,

2

at *2 (S.D. Ill. Aug. 15, 2025) (citing *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015) (finding that verbal sexual harassment, accompanied by suggestive gestures, that created a risk both from the harasser and fellow inmates, was sufficient to proceed beyond initial review)). "[M]ost verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment." *Beal*, 803 F.3d at 358; *see also Smith v. Myers*, No. 118CV02255TWPDLP, 2018 WL 3631285, at *1 (S.D. Ind. July 30, 2018) ("[A]lthough indefensible and unprofessional, isolated verbal abuse, harassment, and unprofessional conduct do not rise to the level of a constitutional violation for which relief may be granted in a civil rights case.") (citing *DeWalt v. Carter*, 224 F.3d 607, 612 n. 3 (7th Cir. 2000)). "The constitution does not require prison staff to have 'genteel language and good manners.'" *Terrell v. Dodge Corr. Inst.*, No. 21-CV-50-JDP, 2021 WL 1546090, at *2 (W.D. Wis. Apr. 20, 2021) (quoting *Lisle v. Welborn*, 933 F.3d 705, 719 (7th Cir. 2019)). Although the comments were vulgar and unprofessional, Defendant Garcia's isolated insults do not rise to the level of a constitutional violation. Defendant Garcia is dismissed without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

Plaintiff did not include any specific allegations to demonstrate that Defendant Superintendent Hughes was personally involved in any constitutional deprivation. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). There is no *respondeat superior* under § 1983. In other words, Defendant Hughes cannot be liable solely based on her supervisory role. *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). Officials are accountable for their own acts; they are not vicariously liable for the conduct of subordinates. *See Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009); *Vance v. Rumsfeld*, 701 F.3d 193, 203-

05 (7th Cir. 2012) (en banc). If Jail officials are named, they must be named in their individual capacities, and Plaintiff must allege that the official personally participated in the deprivation or was deliberately reckless as to the misconduct of subordinates or was aware and condoned, acquiesced, or turned a blind eye to it. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Defendant Hughes is dismissed without prejudice for failure to state a claim under Rule (b)(6) and § 1915A.

Plaintiff named the McLean County Detention Facility as a Defendant, but the Jail is not a "person" amenable to suit under § 1983. *Dye v. Wargo*, 253 F.3d 296, 299 (7th Cir. 2001); *see also Nava v. Sangamon Cnty. Jail*, No. 14-3090, 2014 WL 1320259, at *2 (C.D. Ill. Apr. 2, 2014) ("'Sangamon County Jail' is not a 'person' that may be sued under § 1983"); *Wright v. Porter Cnty.*, No. 12-493, 2013 WL 1176199, at *2 (N.D. Ind. Mar. 19, 2013) ("the jail…is a building, not a 'person' or even a policy-making body that can be sued for constitutional violations"). Defendant McLean County Detention Facility is dismissed with prejudice.

Plaintiff alleges Defendants McLean County and ACH are liable for hiring Defendant Garcia and failing to properly train and discipline her and for failing to train officers how to respond to staff misconduct. Municipalities may be held liable under § 1983 "when execution of the municipality's policy or custom, whether made by its lawmakers or by those whose edicts or acts may be fairly said to represent official policy" causes a constitutional deprivation. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). Liability under this rule extends to private corporations contracted to provide essential government services, such as ACH. *Glisson v. Ind. Dep't of Corrs.*, 849 F.3d 372, 378-79 (7th Cir. 2017). For liability under § 1983, the constitutional violation must be caused by one of the following: (1) an express municipal policy; (2) a widespread, though unwritten, custom or practice; or (3) a decision by a municipal agent with "final policymaking

authority." *Milestone v. City of Monroe*, 665 F.3d 774, 780 (7th Cir. 2011). Having found that Plaintiff's allegations were insufficient to proceed against Defendant Garcia, Plaintiff fails to state a *Monell* claim against Defendants McLean County and ACH. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (no *Monell* claim against the municipality permitted when plaintiff's constitutional rights have not been violated). Defendants McLean County and ACH are dismissed without prejudice for failure to state a claim under Rule 12(b)(6) and § 1915A.

Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim under Rule 12(b)(6) and § 1915A. Plaintiff is given leave to file an Amended Complaint within 30 days of this Order. Plaintiff's Amended Complaint will replace Plaintiff's original Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. If Plaintiff fails to file a timely Amended Complaint, or if the Amended Complaint fails to state a claim, this matter will be dismissed with prejudice.

### III

Plaintiff filed a Motion to Request Counsel asking the Court to appoint an attorney to represent him. (Doc. 2). "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (citing *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)). When evaluating a Motion to Request Counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 655.

Plaintiff states that he contacted three attorneys or law firms but was unable to find an attorney willing to represent him. Demonstrating a reasonable effort to obtain representation typically requires submitting letters from several attorneys declining assistance and copies of any documents which show Plaintiff tried to

5

find an attorney. *See Olson*, 750 F.3d at 711. Plaintiff has not demonstrated a reasonable attempt to secure his own lawyer. Because Plaintiff has not satisfied the first prong, the Court does not address the second. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). Plaintiff's Motion is denied, with leave to renew. If Plaintiff renews his motion, he is directed to attach copies of letters he sent to or received from prospective counsel, list the attorneys or law firms he contacted, and indicate whether he received a response.

**IT IS THEREFORE ORDERED:**

**1) Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this Order to file an Amended Complaint. Plaintiff's Amended Complaint will replace Plaintiff's original Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. If Plaintiff fails to file a timely Amended Complaint, this matter will be dismissed with prejudice.**

**2) Defendant McLean County Detention Facility is DISMISSED WITH PREJUDICE. The Clerk is directed to TERMINATE the McLean County Detention Facility.**

**3) Plaintiff's Motion to Request Counsel [2] is DENIED.**

**4) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and, if released from detention, Plaintiff's phone number. Failure to do so will result in dismissal of this case, with prejudice.**

*It is so ordered.*

Entered: September 9, 2025

s/Jonathan E. Hawley
U.S. District Judge